UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TROY ANTHONY MORROW,<br><br>    *Petitioner*,<br><br>vs.<br><br>BRIAN E. WILLIAMS, *et al.*,<br><br>    *Respondents*. | Case No. 2:15-cv-00579-JAD-VCF<br><br>ORDER |

This action is a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by a Nevada prisoner.

Petitioner has filed a motion to proceed *in forma pauperis*. Doc. 1. Based on the information regarding petitioner's financial status, the court finds that the motion should be granted. Thus, the Clerk shall file the petition. The court has reviewed the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and shall forego directing service on the respondents until issues identified below are resolved.

With his petition, petitioner has filed a motion to stay proceedings. Doc. 2. Petitioner concedes that his first state post-conviction proceeding is still pending in the state courts, but indicates that he has initiated this proceeding in response to *Rudin v. Myles*, 766 F.3d 1161 (9th Cir. 2014). According to the petitioner, the court in that case advised petitioners with state post-conviction proceedings pending to file a protective petition in federal court, irrespective of whether timeliness has been raised as an issue in state proceedings. Thus, petitioner appears to be under the impression that, in order to ensure that his federal claims are heard by this court (assuming relief is not granted in state court), he must file a federal petition and request a stay pending state court exhaustion of his claims.

Petitioner's approach is misguided. To begin with, the *Rudin* opinion he relies upon has been withdrawn and superseded by *Rudin v. Myles*, 781 F.3d 1043 (9th Cir. 2015). To the extent the

initial *Rudin* opinion may have condoned or advise the filing of a protective petition in the circumstances present here, the superceding opinion makes clear that such petitions are only necessary under circumstances similar to those described in *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), where the court noted that a prisoner's "reasonable confusion about whether a state filing would be timely" will ordinarily constitute good cause for a protective federal petition. *Rudin*, 781 F.3d at 1059. For prisoners who reasonably believe that their claims are properly pending, unexhausted, in state courts, the early filing of federal petitions is "essentially pointless." *Id.* at 1059-60 (Adelman, J., concurring and quoting *Brooks v. Williams*, No. 2:10-cv-00045, 2011 WL 1457739, at *4 (D.Nev. Apr. 14, 2011)).

Petitioner represents to the court that he timely filed a direct appeal of his conviction, with the Nevada Supreme Court issuing an order of affirmance on February 13, 2014. Doc. 1-1 at 1. The remittitur for that decision was issued on March 11, 2014.[1] Petitioner further represents to the court that he filed his state petition for post-conviction review on March 12, 2014. *Id.* That proceeding is still pending in the state court. Because of the statutory tolling available under 28 U.S.C. § 2244(d)(2), only one day of petitioner's one-year federal filing period has elapsed. Thus, there is no reasonable basis for a protective filing in this case.

From that determination, it necessarily follows that petitioner is not entitled to an exhaustion stay. In order to obtain a stay to return to the state courts to exhaust a claim or claims, the petitioner must demonstrate that there was good cause for the failure to exhaust the claims, that the unexhausted claims include at least one claim that is not plainly meritless, and that petitioner has not engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). In the absence of any legitimate or reasonable concern as to the timeliness of his federal habeas action, petitioner cannot demonstrate good cause for the failure to complete exhaustion in the state courts. Instead, he has simply "jumped the gun" by filing a federal petition prior to the completion of timely-filed state post-conviction proceedings. A habeas petitioner—if he has exhausted

---

[1] This court may take judicial notice of state court dockets. The online docket for Case No. 63552 in the Nevada Supreme Court confirms this information.

claims—need not wait for the completion of pending state post-conviction proceedings to seek federal habeas relief. If he does so, however, he should not expect, absent a reasonable basis for the early federal filing (such as a timeliness issues in the state proceedings), to necessarily be granted a stay because the state proceedings are still pending.

Beyond its prematurity, a notable problem with the petition before the court is that its five grounds for relief are presented in a bare-bones manner. A petition for writ of habeas corpus under 28 U.S.C. § 2254 cannot rely upon mere "notice" pleading, as may be found in other civil cases in the United States District Courts. *Blackledge v. Allison,* 431 U.S. 63, 75 n. 7 (1977) (*citing* Advisory Committee Note to Rule 4, Rules Foll. Cases under 28 U.S.C. § 2254). The petition must instead contain particularized facts which show that the petitioner is entitled to relief upon each specified ground. The facts alleged in the petition must be sufficient in detail to allow the court to determine whether the petition should be summarily dismissed, or should be given further review. *Adams v. Armontrout,* 897 F.2d 332, 334 (8th Cir. 1990).

Each of petitioner's grounds consists of one simple sentence alleging a constitutional violation based on a something that occurred in his state court criminal proceeding. Without additional factual support, most, if not all, of the grounds fail to satisfy the foregoing pleading standard.[2]

In light of the foregoing, the court gives petitioner the following choice: he may either (1) file an amended petition that corrects the pleading deficiencies identified above or (2) file a notice voluntarily dismissing this case without prejudice to filing a timely federal habeas petition when he completes state court exhaustion. If he chooses the first option, he must, in addition to more sufficiently pleading his existing claims, include in the amended petition any and all additional claims for habeas corpus relief of which he is aware. Petitioner is advised, however, that if he chooses to proceed herein, he is not currently eligible for an exhaustion stay, which means that his

---

[2] This also calls into question the petition's effectiveness in protecting the timeliness of a future amended petition. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims.").

petition will be subject to dismissal if it contains unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) (holding that federal district courts may not adjudicate petitions for habeas corpus containing unexhausted claims).

**IT THEREFORE IS ORDERED** that petitioner's motion to proceed *in forma pauperis* **(Doc. 1) is GRANTED. The Clerk shall FILE the petition** for writ of habeas corpus but refrain from serving the respondents at this time.

**IT IS FURTHER ORDERED** that petitioner's motion to stay proceedings **(Doc. 2) is DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** from the date of this order to either (1) file an amended petition that corrects the deficiencies identified in this order and include in that amended petition any and all additional claims for habeas corpus relief of which petitioner is aware or (2) file a notice voluntarily dismissing this case without prejudice to filing a timely federal habeas petition when he completes state court proceedings.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order in the time and manner provided above, the court will conclude that petitioner does not desire to pursue this matter and will dismiss this case without prejudice.

Dated this 18th day of May, 2015.

_____
Jennifer A. Dorsey
United States District Judge